

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORTHO-TAIN, INC.,

    Plaintiff,

v.

ROCKY MOUNTAIN ORTHODONTICS,
INC. and PLANMECA OY,

    Defendants.

Case No. 05 C 6656

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Ortho-Tain, Inc. (hereinafter, "Ortho-Tain"), a manufacturer of dental appliances, has filed suit against Rocky Mountain Orthodontics, Inc. ("Rocky Mountain"), a dental appliance distributor, and Planmeca Oy ("Planmeca"), a competitor in the manufacture of dental appliances.

### I. BACKGROUND

The complaint, as amended, charges Rocky Mountain with Breach of Contract (Count I), Breach of Implied Covenant of Good Faith and Fair Dealing (Count II), Conversion (Count IV), and Civil Conspiracy (Count V). Planmeca Oy is charged with Tortious Interference with Contract (Count III), Civil Conspiracy (Count V), Breach of Contract (Count VI), and Unjust Enrichment (Count VII). The Defendants have moved to dismiss all counts except Count VI. Ortho-Tain concedes that Count II and Count VII should be dismissed. The balance it objects to dismissal.

According to the Complaint, Ortho-Tain is a manufacturer and supplier of preformed dental and orthodontic appliances. On February 26, 2002, it entered into a contract with Rocky Mountain for the distribution of Ortho-Tain products. The Complaint further alleges that Planmeca, a competitor, in 1999 entered into a non-disclosure agreement with Ortho-Tain to protect Ortho-Tain's confidential and proprietary information while the parties evaluated a potential joint business opportunity. The Complaint further alleges that, during the term of the distribution agreement between Ortho-Tain and Rocky Mountain, Planmeca, using confidential information, began selling and manufacturing competing orthodontic appliances, and tortiously induced Rocky Mountain to sell its competing products in violation of Rocky Mountain's agreement with Ortho-Tain. The Complaint further alleges that Rocky Mountain placed an order for Ortho-Tain product for which it had prepaid by check drawn on its Wells Fargo bank account. After receiving the check and depositing the proceeds in its account at First Bank, Ortho-Tain shipped the order to Rocky Mountain. After the product was shipped, Rocky Mountain somehow caused the funds which had been deposited in Ortho-Tain's account at First Bank to be transferred to Rocky Mountain's account at Wells Fargo. Ortho-Tain contends that this action constituted Conversion. The Complaint further alleges that the actions of Rocky Mountain and Planmeca constituted a civil conspiracy to damage Ortho-Tain.

## II. DISCUSSION

### A. Count I - Breach of Contract

Rocky Mountain's Motion to Dismiss Count I is based on the fact that the Complaint acknowledges that it sent a written termination letter to Ortho-Tain on July 31, 2005, thus causing the contract to terminate no later than six (6) months thereafter or on January 31, 2005. Ortho-Tain, on the other hand contends that the agreement by its express terms was to last at least five (5) years so that it could only be terminated as of its fifth anniversary or as of February 26, 2007. The contract contains the following language: "this Non-Infringement/Distribution agreement will remain in effect for five (5) years from the date of acceptance of this letter. . . . Termination of this agreement shall be given with a six (6) month prior written notification." The dispute is whether the six-month notice requirement can only be given after the expiration of the five years (Ortho-Tain) or at any time (Rocky Mountain). The contract, although drafted by Ortho-Tain, appears to be ambiguous and could support both interpretations, and thus is not amenable to decision on a Motion to Dismiss.

Rocky Mountain next moves to dismiss the portion of Count I that pertains to the non-compete agreement. Rocky Mountain basically argues that since the contract is terminated, the Complaint fails to allege that Ortho-Tain had a protectable interest and had not narrowly tailored the non-compete agreement as

to time and geography. However, the complaint *inter alia* alleges that the contract is still in effect. Certainly that portion of the non-compete agreement that prohibits Rocky Mountain from selling competing product during the term of the agreement is arguably valid. Also, geography and time are highly factual. Accordingly the Motion to Dismiss count I is denied.

## B. Count IV - Conversion

Rocky Mountain next moves to dismiss Count IV Conversion. It contends that the complaint fails to allege all of the necessary elements of a conversion claim, *viz.*, a right to the property, a right to immediate possession, wrongful control by the defendant, and a demand for possession. *IOS Capital v. Phoenix Printing, Inc.*, 348 Ill. App. 3d 366, 370, 808 N.E.2d 606, 610 (Ill. App. 2004). Here Ortho-Tain has alleged that it shipped goods to Rocky Mountain who paid for them by a check drawn on its bank account. After the check was deposited in Ortho-Tain's account, Rocky Mountain somehow got its bank to "withdraw" the funds from Ortho-Tain's account. Although Rocky Mountain contends that the evidence will show that it returned the goods to Ortho-Tain, this is outside the record and cannot be considered on a Motion to Dismiss. Certainly removing money from Ortho-Tain's bank account without any permission could form the basis for a claim for conversion. There is enough pled in this Count to withstand a Motion to Dismiss.

### C. Count V - Civil Conspiracy

Both defendants have moved to dismiss the Count for Civil Conspiracy (Count V). They both point out that to be actionable an act of a conspirator must be tortious, citing *Adcock v. Brakegate, Ltd.*, 206 Ill. Dec. 636, 642 (Ill. 1994). They deny that they did anything wrong because Rocky Mountain had properly terminated its agreement with Ortho-Tain. However, as the Court as noted above, whether the contract was properly cancelled, or cancellable for that matter, is left for later decision. Thus, the Complaint alleges that Rocky Mountain and Planmeca agreed to injure Ortho-Tain by eroding its market share by having Rocky Mountain terminate its contract with Ortho-Tain, and sell Planmeca's products, which had been manufactured using Ortho-Tain's confidential information, instead. Thus the complaint alleges an agreement between Rocky Mountain and Planmeca to accomplish by concerted action an unlawful purpose. *Id*. Thus, the Motions of the Defendants to dismiss Count V are denied.

### D. Count III - Tortious Interference

Planmeca has also moved to dismiss Count III (Tortious Interference with Contract). Essentially Planmeca contends that Ortho-Tain has sued the wrong party. It supports its motion with an affidavit. Ortho-Tain responds by alleging all sorts of facts that are not contained its Complaint which attempt to show that it has, in fact, sued the correct party, *viz.*, Planmeca. The Court is

- 5 -

not in a position on a motion to dismiss to decide factual issues raised by matters outside the Complaint such as those raised by Planmeca. Moreover, the gist of this count is that Planmeca itself induced Rocky Mountain to breach its contract with Ortho-Tain by selling a product that was not Ortho-Tain's. Even if the product were manufactured and sold by Planmeca's subsidiary, Planmeca could induce the breach even if the breach was carried out by its subsidiary. Suffice to say that the Complaint alleges that Ortho-Tain has a valid and enforceable contract with Rocky Mountain, that Planmeca was aware of the existence of the contract that it intentionally induced Rocky Mountain to breach the contract, that Rocky Mountain did in fact breach the contract, and Ortho-Tain suffered damages. This is sufficient. *Cohen v. Lewis, et al.*, 2004 WL 2481015, *6 (N.D. Ill.). The Motion to Dismiss Count III is denied.

### III. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Counts II and VII are dismissed.

2. The Motions to Dismiss Counts I, III, IV, and V are denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: July 12, 2006