IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 20 2006
12-20-06
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

ORTHO-TAIN, INC.,

    Plaintiff,

 v.

ROCKY MOUNTAIN ORTHODONTICS,
INC. and PLANMECA OY,

    Defendants.

Case No. 05 C 6656

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Ortho-Tain, Inc. (hereinafter, "Ortho-Tain") moves to dismiss Rocky Mountain Orthodontics, Inc.'s (hereinafter, "RMO") Counterclaims 1, 4, and 5. For the reasons stated herein, this Motion is **granted**.

### I. BACKGROUND

Ortho-Tain is a dental appliance manufacturer and RMO is an international dental appliance reseller. The two corporations entered into a written Distributorship Agreement (hereinafter, "the Agreement") in 2002 whereby Ortho-Tain would manufacture and RMO would sell (in France) certain dental appliances. The Agreement was to extend until February 2007 and included both automatic renewal procedures and a two-year covenant not to compete following termination. However, Ortho-Tain alleges RMO breached this Agreement by terminating it early and thereafter resold similar

dental appliances purchased from co-Defendant Planmeca Oy (hereinafter, "Planmeca") in violation of the Agreement's covenant not to compete. Ortho-Tain brought the instant suit alleging breach of contract and conversion (on facts not implicated in this motion) against Rocky Mountain, as well as tortious interference with contract and breach of contract against Planmeca. In its answer, RMO asserts several affirmative defenses as well as five counterclaims. Count 1 seeks a declaratory judgment for non-infringement of six patents owned by Ortho-Tain. Count 4 seeks a declaratory judgment for unenforceability of three U.S. patents owned by Ortho-Tain. Count 5 seeks a declaratory judgment for contract unenforceability. Ortho-Tain does not now attack Counterclaims 2 and 3.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(1), this Court must accept as true all well-plead allegations and draw all inferences in favor of the counter-complainant. Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999). The district court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id.

## III. DISCUSSION

### A. Counterclaims 1 and 4

Ortho-Tain moves to dismiss Counterclaims 1 and 4 for lack of subject matter jurisdiction. Counterclaims 1 and 4 are filed pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a), which provides: "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." The Act thus "requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for declaratory judgment." Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1331 (Fed. Cir. 2005). To determine whether an actual controversy exists in cases where a declaration of patent non-infringement or invalidity is sought, there must be "(1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with intent to conduct such activity." Id. The burden of proving these requirements by a preponderance of the evidence rests on the party seeking the declaration. Cygnus Therapeutics Systems v. ALZA Corp., 92 F.3d 1153, 1158 (Fed. Cir. 1996)(overturned on other grounds).

The parties dispute that RMO can meet its burden under either prong. As for the first, RMO apparently does not assert that Ortho-Tain has made express charges of infringement, but argues that this Court should look instead to the totality of the circumstances in order to find the requisite reasonable apprehension that it faces suit. See Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 888 (Fed. Cir. 1992). RMO argues that because Ortho-Tain filed a lawsuit alleging that RMO breached the distribution Agreement by selling "nearly identical" products made by Planmeca, Ortho-Tain has not eliminated a reasonable apprehension by affirmatively disavowing any threats of patent infringement, and Ortho-Tain informed RMO's customers that RMO is no longer permitted to sell Ortho-Tain's products, it has a reasonable apprehension of suit. Ortho-Tain, conversely, argues that it has never accused, alleged, or represented that RMO was infringing its patents, has not filed any infringement suits (despite the fact that this suit has been pending for over a year), and has repeatedly characterized this suit to this Court as merely a "contract action with some tortious interference claims." RMO's arguments fall short of establishing a totality of the circumstances that it has a reasonable apprehension of suit. Although Ortho-Tain has described the Planmeca products sold by RMO as "nearly identical" to Ortho-Tain's products, this particular description happens to be particularly apt to illustrate why RMO's actions constitute

competition as proscribed by the covenant not to compete. While an affirmative disavowal of any threat of infringement suit will absolutely bar such a counterclaim, Ortho-Tain need not make such an avowal to avoid a reasonable apprehension of suit in RMO. See Fina Research, S.A. v. Baroid Ltd., 141 F.3d 1479, 1484 (Fed. Cir. 1998)(failure to make such an avowal sufficient to create reasonable apprehension of suit because party had already explicitly threatened to enforce its patents). Lastly, RMO makes much of the fact that Ortho-Tain sent postcards to RMO's clients in France informing them that RMO was no longer authorized to sell Ortho-Tain products because of a factual similarity to Vanguard Research, Inc. v. PEAT, Inc., 304 F.3d 1249 (Fed. Cir. 2002). Although similar letters were written in Vanguard, the Vanguard facts included other actions that, when taken together, justified a reasonable apprehension of suit, including a suit to enjoin the potential infringer from production of the technology. See Teva Pharmaceuticals USA Inc., v. Pfizer, Inc., 395 F.3d 1324, 1337 (Fed. Cir. 2005). As such, RMO has failed to meet its burden under the first prong.

RMO also cannot establish the second prong by a preponderance of the evidence. Ortho-Tain correctly asserts that United States patents cannot be enforced against activities accruing in a foreign country. See, e.g., NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1313 (Fed. Cir. 2005). As such, RMO's sale of Planmeca

products ("nearly identical" or not) in France cannot constitute infringement. Despite having the burden of proof, RMO's only response to this argument is that the Agreement between it and Ortho-Tain requires that it "not . . . violate and . . . protect any and all patents . . . of Ortho-Tain" obligates RMO to protect the patents in the United States. While this may very well be true, it misses the point; RMO never asserts that it is engaged in any activity in the United States that would infringe Ortho-Tain's patents or that it has taken concrete steps with an intent to do so. As such, RMO has failed to establish that there is an actual controversy regarding the infringement of the Ortho-Tain patents, and Counterclaims 1 and 4 should be dismissed.

### B. Counterclaim 5

Ortho-Tain moves to dismiss RMO's counterclaim 5 on the basis of this Court's discretionary jurisdiction under the Declaratory Judgment Act and/or pursuant to Fed. R. Civ. P. 12(f) for being duplicitous and redundant of the complaint and RMO's affirmative defenses. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, Congress authorized, but did not command, district courts to issue declaratory judgments. U.S. v. Zanfei, 353 F. Supp. 2d 962, 964 (N.D. Ill. 2005)(citing Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112 (1962)). Thus, "if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose,

it cannot be incumbent upon that court to proceed to the merits before . . . dismissing the action." Id. (citing Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)). Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle "yields to considerations of practicality and wise judicial administration." Id. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses. See, e.g., id.; Rayman v. Peoples Sav. Corp., 735 F.Supp. 842, 851-52 (N.D. Ill. 1990); Green Bay Packaging, Inc. v. Hoganson & Associates, Inc., 362 F.Supp. 78, 82 (N.D. Ill. 1973).

Counterclaim 5 is titled "Declaration of Contract Unenforceability" and alleges that the Agreement and covenant not to compete between Ortho-Tain and RMO extend beyond the 2007 expiration of three patents covering products covered by the Agreement, which constitutes patent misuse and renders the contract illegal per se. RMO also claims as affirmative defenses that the Agreement is not a valid contract and that all of Ortho-Tain's claims are barred by the doctrine of patent misuse. RMO argues that Counterclaim 5 is not a "mirror image" of the complaint, and therefore should not be dismissed. See Green Bay Packaging, 362 F.Supp. 78. In Rayman, 735 F.Supp. at 851-53, however, the court

dismissed a counterclaim because it raised the same facts and legal issues as an asserted affirmative defense, holding that the counterclaim "adds nothing to the pleadings . . . already put before this court." Thus, regardless of whether counterclaim 5 is a mirror image of the complaint, it is duplicative of two of RMO's affirmative defenses and can therefore be dismissed in this Court's discretion under the Declaratory Judgment Act.

### IV. CONCLUSION

For the foregoing reasons, Ortho-Tain's Motion to Dismiss Counterclaims 1, 4, and 5 is **granted**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: November 20, 2006