IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORTHO-TAIN, INC.,

    Plaintiff,

v.

ROCKY MOUNTAIN ORTHODONTICS,
INC. and PLANMECA OY,

    Defendants.

Case No. 05 C 6656

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Ortho-Tain, Inc. (hereinafter, "Ortho-Tain") moves to strike Defendants Rocky Mountain Orthodontics, Inc. (hereinafter, "RMO") and Planmeca Oy's (hereinafter, "Planmeca") (collectively, "Defendants") affirmative defense of patent misuse and all patent-related paragraphs of Defendants' counterclaim. This motion is granted.

### I. BACKGROUND

#### A. Ortho-Tain and RMO

Ortho-Tain is a dental appliance manufacturer and RMO is an international dental appliance reseller. The two corporations entered into a written distributorship agreement in 2002 whereby Ortho-Tain would manufacture and RMO would sell (in France) certain dental appliances. The agreement was to extend until February 2007 and included both automatic renewal procedures and a two-year covenant not to compete following termination. However, Ortho-Tain

alleges RMO breached the agreement by terminating it early and thereafter resold similar dental appliances purchased from Planmeca in violation of the agreement's covenant not to compete. Ortho-Tain brought the instant suit alleging breach of contract and conversion (on facts not implicated in this motion) against RMO.

RMO's answer asserted multiple affirmative defenses and a five-count counterclaim. Counterclaims 1 and 4 sought declaratory judgments of the non-infringement and/or unenforceability of several of Ortho-Tain's patents, and were dismissed (for lack of subject matter jurisdiction) because RMO could not show an actual controversy between the parties on this point. Counterclaim 5, which sought a declaratory judgment that the Ortho-Tain/RMO agreement was invalid due to patent misuse, was dismissed in this Court's discretion as duplicative of several of RMO's affirmative defenses. Ortho-Tain seeks to strike RMO's twelfth affirmative defense, which alleges that the doctrine of patent misuse bars Ortho-Tain's claims. Additionally, the remaining counterclaim contains paragraphs relating to Ortho-Tain's patents that Ortho-Tain also seeks to strike.

### B. Ortho-Tain and Planmeca

In 1990, Ortho-Tain and Finnish distributor Servident Oy (hereinafter, "Servident") entered into an agreement to distribute Ortho-Tain's products in Finland. It is unclear whether Planmeca already owned Servident at that time, but Ortho-Tain alleges that

Planmeca later ratified the agreement by sending Ortho-Tain the executed agreement attached to a letter on Planmeca letterhead and by acting pursuant to the agreement for years thereafter. Ortho-Tain alleges that in 2004, one member of the Planmeca Group (consisting of several associated companies) began selling orthodontic appliances in competition with Ortho-Tain and that in 2005, one of the Planmeca Group companies began to sell its orthodontic appliances to RMO. Planmeca's answer includes an affirmative defense of patent misuse, which Ortho-Tain seeks to strike.

## II. **STANDARD**

Under Rule 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f); *Home Depot U.S.A., Inc. v. UBM, Inc.*, 2007 WL 611279 (N.D. Ill. Feb. 22, 2007). A motion to strike serves the "useful purpose [of] eliminating insufficient defenses and saving the time and expense that otherwise would be spent litigating issues that will not affect the outcome of the case." *U.S. v. Walerko Tool and Engineering Corp.*, 784 F.Supp. 1385, 1387-88 (N.D. Ind. 1992). Rule 12(f) motions to strike defenses, however, are not generally favored; they may be granted only if the defense is "patently defective and could not succeed under any set of circumstances." *Home Depot*, 2007 WL 611279 at *1. An affirmative defense should not be stricken if it is sufficient as a matter of

law or if it presents questions of law or fact. *Id.* Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge. *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003). An affirmative defense that fails to meet any of these standards must be stricken. *Id.*; *Rao v. Covansys Corp.*, 2007 WL 141892 at *2 (N.D. Ill. Jan 17, 2007).

### III. **DISCUSSION**

#### A. **Are the Patent Misuse Defenses Properly Pled as Affirmative Defenses?**

A matter that is not appropriately pled as an affirmative defense must be stricken to make the pleadings more precise. *Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc.*, 2000 WL 1222043 at *2 (N.D. Ill. Aug. 22, 2000). A matter is not properly pled as an affirmative defense where the allegation is not "an admission of the facts alleged in the complaint coupled with an assertion that some other reason as to why defendant is not liable." *Cohn v. Taco Bell Corp.*, 1995 WL 247996 at *3 (N.D. Ill. Apr. 24, 1995); see also *Rao*, 2007 WL 141892 at *2 (considering whether stated affirmative defense is proper under Rule 84). Ortho-Tain's argument on this issue misses the point entirely and

argues that patent misuse is not a proper defense in this case (which is the thrust of the third prong of the test, not the first). Whether or not patent misuse is a proper defense in this case, even Ortho-Tain admits that it is a proper affirmative defense in *some* cases. *See, e.g., Depuy Inc. v. Zimmer Holdings, Inc.*, 343 F.Supp. 2d 675, 684 n.4 (N.D. Ill. 2004)("patent misuse is an affirmative defense, not a counterclaim"); *see also Brulotte v. Thys Co.*, 379 U.S. 29 (1964); *B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419, 1427-28 (Fed. Cir. 1997); *Windsurfing Intern. Inc. v. AMF, Inc.*, 782 F.2d 995, 1002 (Fed. Cir. 1986). As such, it is properly pled as an affirmative defense.

### B. Do the Patent Misuse Defenses Comply with Rules 8 and 9?

Affirmative defenses are pleadings subject to all pleading requirements of the Federal Rules. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). An affirmative defense that fails to comply with Rules 8 or 9 will be "dismissed without prejudice to enable defendants to correct that technical deficiency." *Franklin Capital*, 2000 WL 1222043 at *2. Under Rule 8(a), the pleadings must set forth a "short and plain statement" of the nature of the defense. *Home Depot*, 2007 WL 611279 at *1. "Even though an affirmative defense need only be a brief statement, it must provide plaintiff with adequate notice of the relevant elements." *Cohn*, 1995 WL 247996 at *4. Bare bones

conclusory statements are not sufficient; a party must allege each element of the defense. *Id.*

In order to state an affirmative defense of patent misuse, a party must "show that the patentee has impermissibly broadened the 'physical or temporal scope' of the patent with anticompetitive effect. *Windsurfing Intern.*, 782 F.2d at 1001; *see also Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.*, 1996 WL 467277 at *3 (N.D. Cal. July 24, 1996). A few courts have weighed patent misuse defenses against the requirements of Rules 8 and 9. In *Takeda Chemical Industries, Ltd. v. Alphapharm Pty., Ltd.*, 2004 WL 1872707 (S.D.N.Y. Aug. 19, 2004), a plaintiff moved to strike a patent misuse affirmative defense. There, the court held that the defendants' allegations failed to meet the Rule 8 requirements of notice pleading because "the defendants merely parrot the elements of a claim for patent misuse, without alleging even general facts to support that claim." *Id.* at *1. The Court went on to note that conclusory references to "anti-competitive effect" and "improper restraint on competition" were insufficient to give the plaintiff sufficient notice of the alleged misconduct. *Id.* Additionally, a federal district court in California has held that

> "Given the specific exceptions to patent misuse provided by Congress, defendant must plead more than a conclusory allegation of patent misuse in order to provide fair notice of the nature of the defense. Defendant must state how plaintiff has attempted to over broadly and impermissibly construe its patent such as to cause an anticompetitive effect. . . ."

*Scimed Systems, Inc.*, 1996 WL 467277 at *3. One court even went so far as to hold that a patent misuse defense must be plead with the specificity required under Rule 9(b). *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 1996 WL 467293 at *13 (N.D. Cal. July 24, 1996)(affirmative defense for unclean hands and patent misuse rested on allegations of inequitable conduct before the PTO); *see also Takeda*, 2004 WL 1872707 (parties dispute whether patent misuse allegations are governed by Rule 8 or 9; court does not reach as allegations do not satisfy Rule 8).

### 1. RMO

RMO's affirmative defense states: "Ortho-Tain's claims are barred by the doctrine of patent misuse." This clearly does not comport with Rule 8; it does not allege any facts whatsoever and does not set forth the elements of the defense. *See Takeda*, 2004 WL 1872707; *Scimed Systems*, 1996 WL 467277. This error is compounded by the fact that there are many patents which could be potentially involved, and RMO makes no attempt to specify some or even implicate them all. As such, this Court must dismiss, without prejudice, RMO's patent misuse affirmative defense.

### 2. Planmeca

Planmeca's affirmative defense states: "Ortho-Tain's claims are barred by the doctrine of patent misuse." Like RMO's affirmative defense, this clearly does not comport with Rule 8 as it does not allege any facts whatsoever and does not set forth the

elements of a patent misuse defense. *See Takeda*, 2004 WL 1872707; *Scimed Systems*, 1996 WL 467277. This error, furthermore, is compounded by the fact that there are many patents potentially involved in this suit and that there are two separate and different agreements that might be affected by the alleged patent misuse.

Planmeca argues that any defect in its pleading is cured by its responses to Ortho-Tain's interrogatories (but cites no legal support for this argument). A party cannot indirectly amend its complaint to include its responses to interrogatories. *Nichols Motorcycle Supply, Inc. v. Dunlop Tire Corp.*, 1994 WL 113108 at *3 (N.D. Ill. Mar. 30, 1994)(party's interrogatory answers do not help satisfy Rule 9(b)'s pleading requirements). Rule 8 "is a pleading rule; 'just how discovery responses can cure threshold pleading defects is [an] unexplained mystery.'" *Id.*; *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.*, 658 F.Supp. 775, 778 (N.D. Ill. 1987). While it is possible that Ortho-Tain is slightly less confused following the interrogatories, the interrogatory simply cannot cure a defect in a pleading. As such, this Court must also dismiss, without prejudice, Planmeca's affirmative defense of patent misuse.

### IV. CONCLUSION

For the reasons stated herein, the Court thus grants Ortho-Tain's Motion and dismisses, without prejudice, both RMO's and Planmeca's affirmative defenses of patent misuse.

Additionally, the Court strikes (without prejudice) Paragraphs 15, 16, 18, 58-67, 82, and 85 of RMO's Counterclaim as immaterial. While the Court notes that Ortho-Tain has asserted that the patent misuse affirmative defense would also fail the Rule 12(b)(6) standard (the last consideration under a motion to strike) and the parties have briefed the issue, a ruling that the defenses as asserted do not meet the Rule 8 standard makes such an inquiry unnecessary. See *Takeda*, 2004 WL 1872707 (after finding that defense failed the Rule 8 standard, the court declined to reach a Rule 12(b)(6) consideration although parties had briefed the issue).

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: April 25, 2007